```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

AGAPE FLIGHTS, INC.,                  )
                                      )
            Plaintiff,                )
                                      )
v.                                    )  No. CIV-09-492-FHS
                                      )
COVINGTON AIRCRAFT ENGINES,           )
KANSAS AVIATION OF INDEPENDENCE,      )
LLC. and JOHN DOE DEFENDANTS          )
2-25,                                 )
                                      )
            Defendants.               )
```

## OPINION AND ORDER

Defendant, Kansas Aviation of Independence, LLC ("Kansas Aviation") has filed a Motion to Dismiss (Dkt. No. 214) the negligence claim asserted against it by Plaintiff, Agape Flights, Inc. ("Agape"). Kansas Aviation contends Agape's negligence claim is barred by the applicable statute of limitations. For the reasons stated below, the Court agrees and finds Agape's negligence claim should be dismissed as it is barred by application of Oklahoma's two-year limitation period, 12 O.S. § 95(A)(3).

Agape instituted this action on December 21, 2009, by filing its Original Complaint to recover damages resulting from a December 20, 2007, crash of its plane in the ocean waters near the Bahamas. The Defendants named in the Original Complaint were Covington Aircraft Engines, Inc. ("Covington"), Pratt & Whitney Canada Corporation ("P&W"), Hamilton Sundstrand Corporation ("Sundstrand"), and John Doe Defendants 1-25. Kansas Aviation was not named as a defendant in the Original Complaint. On April 16, 2010, Agape filed an Amended Complaint which added Kansas Aviation as a defendant and asserted claims for negligence and breach of

1

warranties against Kansas Aviation.[1]

The parties agree that Oklahoma law provides for a two-year limitation period for negligence actions. 12 O.S. § 95(A)(3); <u>Marshall v. Fenton, Fenton, Smith, Reneau and Moon</u>, 899 P.2d 621, 623 (Okla. 1995). It is conceded that the negligence claims asserted in the Original Complaint filed on December 21, 2009, were therefore timely as they were filed within two years of the December 20, 2007, plane crash. Kansas Aviation, however, was not named in the Original Complaint. Agape's negligence claim was first asserted against Kansas Aviation on April 16, 2010, through the filing of the Amended Complaint. As a result, Kansas Aviation argues that Oklahoma's two-year limitation period bars Agape's negligence claim against it because the Amended Complaint was filed over two years and three months from the December 20, 2007, plane crash. In response, Agape contends dismissal of the negligence claim against Kansas Aviation should be rejected because such claim relates back to the filing of the Original Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure and it is, therefore, timely filed.

Rule 15(c)(1) provides:

An amendment to a pleading relates back to the date of the original pleading when:

    (A) the law that provides the applicable statute of limitations allows relation back;

    (B) the amendment asserts a claim or defense that arose

---

[1] Covington, P&W, and Sundstrand were again named as defendants in the Amended Complaint. The "John Doe Defendants 1-25" in the Original Complaint were replaced by "John Doe Defendants 2-25" in the Amended Complaint.

>out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
>
>(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1).

Because Agape has added Kansas Aviation in its Amended Complaint, the provisions of subsection (c)(1)(C) apply. In order to satisfy subsection (c)(1)(C) and have the Amended Complaint relate back to the date of Original Complaint, Agape must establish the following: "(1) the claim arose out of the conduct, transaction or occurrence set forth in the original pleadings; (2) the party to be joined received such notice that it will not be prejudiced in maintaining a defense; (3) the party to be joined knew or should have known that but for a mistake of identity the action would have been brought against it; and (4) the second and third requirements have been fulfilled within the prescribed period for service of process - 120 days after the filing of the original complaint under Rule 4(m)." Spicer v. New Image Intern, Inc., 447 F.Supp.2d 1226, 1233 (D. Kan. 2006). In seeking dismissal, Kansas Aviation focuses its argument on its contention that Agape cannot satisfy requirement (3) because Agape's failure to name it as a defendant in the original complaint does not constitute a "mistake" in identifying the proper parties as contemplated by subsection (c)(1)(C)(ii). The Court agrees.

3

Agape's failure to include Kansas Aviation, a potentially liable defendant, in its Original Complaint is not a "mistake" triggering the application of subsection (c)(1)(C)(ii). Id. As stated by the Tenth Circuit, "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of [Rule 15(c)(1)(C)(ii)]." Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004). Nor is the designation of the "John Doe" defendants in the Original Complaint the equivalent of a formal defect covered by subsection (c)(1)(C)(ii). In Garrett, the Tenth Circuit addressed these issues and concluded:

> We agree with this interpretation of Rule 15(c)(3)(B), which is in line with prevailing law in seven of the eight circuits to have considered this issue. As the Eleventh Circuit observed, the Advisory Committee Notes to Rule 15(c)(3) indicate that "the mistake proviso [was included] . . . in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" Thus, "'the rule is meant to allow an amendment changing the name of a [defendant] to relate back to the original complaint only if the change is the result of'" such a formal defect. A plaintiff's designation of an unknown defendant as "John Doe" in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address.

Id. at 696-97 (internal citations omitted).[2]

Agape offers no explanation for its failure to include Kansas Aviation as a defendant in the Original Complaint. Instead, Agape relies on (1) the fact that Kansas Aviation had notice of the plane

---

[2] The Garrett opinion references Rule 15(c)(3) which is virtually identical to current Rule 15(c)(1)(C). Rule 15 was amended in 2007 with the amendments intended to be stylistic only.

crash because it provided information to Covington for the pre-litigation investigation of the plane crash and (2) the fact that the inspections of the subject engine and fuel pump did not occur until 2011 and were participated in by Kansas Aviation and its expert.  Neither of these facts, however, address the "mistake" component of subsection (c)(1)(C)(ii).  Absent an explanation, the Court concludes Agape either lacked knowledge of Kansas Aviation's involvement in the overhaul of the fuel pump blamed for causing the plane crash or, despite such knowledge, failed to include Kansas Aviation as a defendant for tactical reasons.  Neither scenario constitutes a mistake concerning the identity of the proper party in order to invoke the provisions of the relation back doctrine.[3]  Consequently, the Court concludes that the addition of Kansas Aviation in the Amended Complaint does not relate back to the Original Complaint pursuant to Rule 15 (c)(1)(C).  Agape's negligence claim, asserted against Kansas Aviation more than two years after the December 20, 2007, plane crash is therefore barred by Oklahoma's two-year statute of limitations.[4]

Based on the foregoing reasons, Kansas Aviation's Motion to Dismiss (Dkt. No. 214) is granted.  Agape's negligence claim against Kansas Aviation is dismissed with prejudice.

---

[3]  To the extent Agape's response could be interpreted to suggest that there is an identity of interest between Kansas Aviation and Covington, the Court rejects such argument.  The record does not support an identity of interest argument, as between Kansas Aviation and Covington, sufficient to implicate the "mistake" proviso.

[4]  Kansas Aviation's request for dismissal is limited to Agape's negligence claim.  Agape's breach of warranty claim against Kansas Aviation remains pending.  See Daughtery v. Farmers Co-op Ass'n, 689 P.2d 947, 951 (Okla. 1984)(five-year limitation period for breach of warranty claims under Oklahoma law).

It is so ordered this 27th day of September, 2011.

*Frank H. Seay*
Frank H. Seay
United States District Judge
Eastern District of Oklahoma