**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

AGAPE FLIGHTS, INC.,       )
                           )
        Plaintiff,      )
                           )
v.                     ) No. CIV-09-492-FHS
                           )
KANSAS AVIATION OF      )
INDEPENDENCE, LLC.,     )
                           )
        Defendant.      )

## OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment (Dkt. No. 253) filed by Defendant, Kansas Aviation of Independence, LLC ("Kansas Aviation") with respect to the breach of warranty claims asserted by Plaintiff, Agape Flights, Inc. ("Agape") and the Motion to Revise the Order Dismissing Agape's Negligence Claim Against Kansas Aviation (Dkt. No. 269) filed by Agape. For the reasons stated below, the Court finds Kansas Aviation is entitled to summary judgment on Agape's breach of warranty claims and that the no justification exists for the reversal of the Court's dismissal of Agape's negligence claim.

## BACKGROUND

Agape instituted this action on December 21, 2009, by filing its Original Complaint to recover damages resulting from a December 20, 2007, crash of its plane in the ocean waters near the Bahamas. The Defendants named in the Original Complaint were Covington Aircraft Engines, Inc. ("Covington"), Pratt & Whitney Canada Corporation ("P&W"), Hamilton Sundstrand Corporation ("Sundstrand"), and John Doe Defendants 1-25. Kansas Aviation was

not named as a defendant in the Original Complaint. On April 16, 2010, Agape filed an Amended Complaint which added Kansas Aviation as a defendant and asserted claims for negligence and breach of warranties against Kansas Aviation based on its activities related to the rebuilding of the subject fuel pump which was later installed on the plane's engine.[1] Agape contends the crash and resultant destruction of the aircraft were caused by the "defective and unserviceable condition of the Engine, including the fuel pump installed in the Engine." Amended Complaint (Dkt. No. 60), ¶ 13. In particular, Agape's investigation has led it to conclude that the crash occurred as a result of an in-flight power loss resulting from the fuel pump drive shaft splines being severely worn.

On September 27, 2011, the Court entered an Opinion and Order (Dkt. No. 217) dismissing Agape's negligence claim against Kansas Aviation as barred by the application of Oklahoma's two-year statute limitation period, 12 O.S. § 95(A)(3). As part of that ruling, the Court determined that Agape's Amended Complaint did not relate back to the Original Complaint pursuant to Rule 15(c)(1)(C)(ii) of the Federal Rules of Civil Procedure. The Court held that Agape had failed to identify any "mistake concerning the identity of the proper party" sufficient to invoke the relation back doctrine of Rule 15(c)(1)(C)(ii). Agape filed its initial Motion to Revise (Dkt. No. 218) asking the Court to apply the recent United States Supreme Court ruling in <u>Krupski v. Costa Crociere, S.p.A.</u>, 130 S.Ct. 2485 (2010), to the facts at hand and reinstate its negligence claim. In <u>Krupski</u>, the Supreme Court held "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or

---

[1] Covington, P&W, and Sundstrand were again named as defendants in the Amended Complaint. The "John Doe Defendants 1-25" in the Original Complaint were replaced by "John Doe Defendants 2-25" in the Amended Complaint.

should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." <u>Id</u>. at 2493. Following a hearing on the initial Motion to Revise, the Court directed Agape to refile its Motion to Revise following the completion of discovery on the issue of whether Kansas Aviation knew or should have known within the Rule 4(m) 120-day time period for service of the Original Complaint that, absent some mistake, the Original Complaint would have been brought against it by Agape. On September 5, 2012, Agape refiled its Motion to Revise (Dkt. No. 269).

## STANDARDS

The standards relevant to the disposition of a case on summary judgment are well established. Having moved for summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure, Kansas Aviation's initial burden is to show the absence of evidence to support Agape's breach of warranty claims. <u>Celotex v. Catrett</u>, 477 U.S. 317, 325 (1986). Kansas Aviation must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which establish the absence of any genuine issue of material fact. <u>Universal Money Centers v. AT&T</u>, 22 F.3d 1527, 1529 (10th Cir.), <u>cert. denied</u>, 115 S.Ct. 655 (1994) (quoting Fed. R. Civ. P. 56©). Kansas Aviation need not negate Agape's breach of warranty claims or disprove Agape's evidence, but rather, its burden is to show that there is no evidence in the record to support Agape's breach of warranty claims. <u>Celotex</u>, 477 U.S. at 325. Agape, as the nonmoving party, must go beyond the pleadings and "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof." <u>Applied Genetics v. First Affiliated</u>

3

<u>Securities</u>, 912 F.2d 1238, 1241 (10th Cir. 1990).

Summary judgment is not appropriate if there exists a genuine material factual issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-51 (1986). "A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" <u>Thomas v. IBM</u>, 48 F.3d 478, 486 (10th Cir. 1995) (quoting <u>Anderson</u>, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to Agape. <u>Deepwater Invs. Ltd. v. Jackson Hole Ski Corp.</u>, 938 F.2d 1105, 1110 (10th Cir. 1991). This Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 249.

A motion to reconsider is appropriate under circumstances "where the court has misapprehended the facts, a party's position, or the controlling law." <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." <u>Id</u>.

**<u>BREACH OF WARRANTY CLAIMS</u>**

Kansas Aviation contends Agape's breach of warranty claims are subject to dismissal based on the language of the limited warranty issued by Kansas Aviation upon the sale of the fuel pump to Covington on August 21, 2006. Kansas Aviation contends that as part of this sale it issued an Overhaul and Repair Services Warranty ("O&R Warranty"), which provides in relevant part:

Kansas Aviation of Independence represents and warrants that its overhaul and repair services shall be free from defect in workmanship under normal operating conditions for twelve (12) months of 1,000 flight hours, whichever comes first. However, Kansas Aviation of Independence does not warrant its workmanship against damage or loss caused by negligence, misuse, modification or misapplication of any part or engine. The Kansas Aviation of Independence liability for breach of its warranty hereunder is limited to the repair or replacement of defective parts and the customer expressly waives any right it might have to special or consequential damages.

.
.
.

**THERE ARE NO OTHER REPRESENTATIONS OR WARRANTIES OF KANSAS AVIATION OF INDEPENDENCE WHETHER EXPRESSED OR IMPLIED, NOR ARE THERE ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE.**

.
.
.

THERE ARE NO WARRANTIES WHICH EXTEND BEYOND THE DESCRIPTION ON THE FACE HEREOF.

O&R Warranty, attached as Exhibit 3 to Kansas Aviation's Motion for Summary Judgment (Dkt. No. 253). Relying on the 12-month provision of the O&R Warranty[2], Kansas Aviation contends Agape's breach of warranty claims are barred as the subject crash on December 20, 2007, was more than 12 months after the August 21, 2006, sale of the fuel pump to Covington. In response, Agape contends there is no evidence in the record to establish that this O&R Warranty was given to Covington as part of the sale on August 21, 2006. It is Agape's position that the O&R Warranty, with its limitations and

---

[2] Kansas Aviation does not contend the 1,000 flight hours limitation is implicated in this case.

exclusions, was not included within the sales documents provided Covington; consequently, no written warranty exists and the implied warranties of merchantability and fitness for a particular purpose are applicable (as extended to Agape) by virtue of Kansas Aviation's sale of the fuel pump to Covington.

While the undisputed record establishes that the O&R Warranty was not included in the documentation attendant to the August 21, 2006, sale transaction between Kansas Aviation and Covington, the Court finds the record conclusively establishes that the O&R Warranty was nonetheless applicable to such transaction by the agreement of the parties. The affidavit of John Caldwell ("Caldwell"), Sales Manager for Kansas Aviation, establishes that Kansas Aviation overhauled fuel pumps for Covington on a regular basis and that the O&R Warranty was made part of a negotiated pricing agreement which was entered into on a yearly basis and was applicable to all fuel pumps sold by Kansas Aviation to Covington for that particular year. Caldwell Affidavit, ¶ 10. Caldwell states that the sale of the subject fuel pump to Covington on August 21, 2006, included the O&R Warranty and that a copy of such was provided to Covington as part of the yearly pricing agreement. Id. at ¶ 11. Caldwell further states that the yearly pricing agreement and the O&R Warranty resulted from direct negotiations between himself and Robert Ramirez ("Ramirez"), on behalf of Covington. During his deposition, Ramirez, Covington's Parts Room Manager, testified that he is the most knowledgeable person at Covington regarding the O&R Warranty issue and that Kansas Aviation and Covington had agreed to the O&R Warranty (and its 12-month limited warranty period) as part of the negotiated pricing agreement for the sale of all fuel pumps sold by Kansas Aviation to Covington, including the August 21, 2006, sale of the subject fuel

pump.³  Agape's submission of the deposition testimony of Ronald
Hollis ("Hollis"), a Covington employee working in customer support
and investigations, establishes only that the O&R Warranty was not
included in the documentation evidencing the August 21, 2006, sale
of the fuel pump to Covington.  Hollis's testimony does not refute
the statements of Caldwell and Ramirez that the 12-month warranty
was created and issued as part of the yearly pricing agreement
between Covington and Kansas Aviation.  Indeed, Hollis stated in
his deposition that Kansas Aviation offered a 12-month warranty
with the sale of its fuel pumps.  Hollis Deposition, Exhibit 1 to
Kansas Aviation's Reply to Motion for Summary Judgment (Dkt. No.
258), p. 187, lines 2-5 and p. 188, lines 6-7.  Thus, the
undisputed evidence before the Court establishes the issuance of
the O&R Warranty by Kansas Aviation to Covington, and that such
warranty was applicable to the sale of the subject fuel pump on
August 21, 2006.  See 12A O.S. § 2-313(1)(a) (Express warranties
are created by "[a]ny affirmation of fact or promise made by the
seller to the buyer which relates to the goods and becomes part of
the basis of the bargain").  The language of the O&R Warranty
establishes a 12-month warranty period and it clearly and
conspicuously excludes any warranties of merchantability or fitness
for a particular purpose.  See 12A O.S. § 2-316(1) ("[T]o exclude
or modify the implied warranty of merchantability or any part of it
the language must mention merchantability and in case of a writing
must be conspicuous, and to exclude or modify any implied warranty
of fitness the exclusion must be by a writing and conspicuous.
Language to exclude all implied warranties of fitness is sufficient

---

³ Ramirez testified that the O&R Warranty was not "a
significant factor in any pricing," but he did acknowledge that
it was a part of the negotiated pricing agreement.  Ramirez
Deposition (Dkt. No. 284), p. 34, lines 2-10 and p. 39, lines 16-
19.

if it states, for example, that 'There are no warranties which
extend beyond the description on the face hereof.'"). Agape's
breach of warranty claims are therefore barred as the 12-month
warranty period expired before the December 20, 2007, crash of
Agape's plane.

## NEGLIGENCE CLAIM

In its Motion to Revise (Dkt. No. 269), Agape asks this Court
to reverse the dismissal of its negligence claim based on a
misapprehension of existing law. Agape argues that in light of the
Supreme Court's recent ruling in <u>Krupski</u>, its knowledge concerning
the identity of Kansas Aviation as a defendant is not the proper
inquiry in a Rule 15(c)(1)(C)(ii) analysis, but rather, the
relevant inquiry is "whether [Kansas Aviation] knew or should have
known that it would have been named as a defendant but for an
error." <u>Krupski</u>, 130 S.Ct. at 2493. In support of its position
that Kansas Aviation knew or should have known that it would have
been sued, Agape submits emails from 2008 between Covington, Pratt
& Whitney, and Kansas Aviation addressing Kansas Aviation's fuel
pump overhaul in the context of an investigation of the plane
crash. Included within these emails is a request from David
Hamilton, Covington's Vice-President and Operations Manager, to
Ramirez that he, Ramirez, notify Kansas Aviation "that they may
want to notify their insurance company regarding the [fuel pump]
failure." Based on these emails, Agape contends the <u>Krupski</u>
analysis has been satisfied because such evidence proves that
Kansas Aviation knew or should have known that it would have been
sued but for a mistake as to its identity. The Court disagrees.

The Court concludes that the evidence does not establish that
Kansas Aviation knew or should have known that within the 120-day

8

time period for service of the original complaint that, absent some mistake, the action would have been brought against it by Agape.[4] Kansas Aviation's knowledge, via 2008 emails, of a pre-litigation, governmental investigation of the plane crash, along with an internal Covington request to notify Kansas Aviation that they may want to notify their insurance company, do not establish notice of any litigation involving the subject fuel pump, nor does it suggest that Kansas Aviation knew or should have known that Agape's Original Complaint would have been brought against it but for a mistake concerning its identity. The Court will not infer that Kansas Aviation knew or should have known that it would have been sued based on its knowledge of the plane crash, a request by Covington for information on its overhaul of the subject fuel pump pursuant to a governmental investigation, and an internal request by Covington to inform Kansas Aviation that it should contact its insurance carrier. At the point in the investigation when this information was presented to Kansas Aviation, no litigation had been commenced and, rather than "feigning ignorance in light of the circumstances" as suggested by Agape, Kansas Aviation had nothing before it to place it on notice that litigation was imminent, or

---

[4] The record reflects that the first documented notice of this lawsuit to Kansas Aviation occurred after the 120-day time period of Rule 4(m). On May 4, 2010 - one hundred and forty-four (144) days after the filing of the Original Complaint - Kansas Aviation was served with summons on the Third-Party Complaint filed by P&W and Sundstrand. See Dkt. No. 73. On May 14, 2010 - one hundred and fifty-four days after the filing of the Original Complaint - Kansas Aviation was served with summons on Agape's Amended Complaint. Summons on an April 12, 2010, Cross-Claim (Dkt. No. 58) asserted by Covington against Kansas Aviation was issued on October 14, 2010, but the record does not reflect actual service of the Cross-Claim. Kansas Aviation nonetheless filed its Answer to the Cross-Claim on November 8, 2010.

even contemplated by Agape.[5]  Consequently, the Court finds that even after application of the <u>Krupski</u> standard, the record does not establish that Kansas Aviation "knew or should have known that it would have been named as a defendant but for an error."  <u>Krupski</u>, 130 S.Ct. at 2493.

**CONCLUSION**

Based on the foregoing reasons, the Motion for Summary Judgment (Dkt. No. 253) filed by Kansas Aviation with respect to Agape's breach of warranty claims is granted.  The Motion to Revise the Order Dismissing Agape's Negligence Claim Against Kansas Aviation (Dkt. No. 269) filed by Agape is denied.

It is so ordered this 26th day of October, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[5]  In its September 27, 2011, Opinion and Order, the Court rejected the argument that there is an identity of interest between Covington and Kansas Aviation sufficient to satisfy the "mistake" proviso.  Nothing presented in this second Motion to Revise (Dkt. No. 269) causes the Court to reassess that finding.