**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AGAPE FLIGHTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-09-492-FHS |
| | ) | |
| COVINGTON AIRCRAFT ENGINES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Defendants, Pratt & Whitney Canada Corporation ("P&WC") and Hamilton Sundstrand Corporation ("Sundstrand"), have filed a joint Motion for Attorney Fees (Dkt. No. 298) seeking awards in the amount of $232,945.58 and $306,301.83, respectively, against Plaintiff, Agape Flights, Inc. ("Agape").  P&WC and Sundstrand, as prevailing parties in this action, contend they are entitled to such fees pursuant to Okla.Stat.tit. 12, §§ 936, 939, and 940.  The parties have fully briefed the issues and the Court held a hearing on the motion on January 23, 2013.  Having considered the parties respective submissions and arguments, the Court finds the Motion for Attorney Fees (Dkt. No. 298) should be granted to the extent that attorney fees are awarded to P&WC in the amount of $194,746.31 and to Sundstrand in the amount of $260,303.85.

In its Amended Complaint filed on April 16, 2010, Agape asserted claims against P&WC and Sundstrand for negligence, strict products liability, and breach of warranty arising out of a December 20, 2007, airplane crash.  Agape sought damages for the loss of its aircraft and consequential damages resulting from such loss.  On September 15, 2010, P&WC and Sundstrand filed separate

1

Motions for Summary Judgment (Dkt. Nos. 127 and 128) asserting, as their primary argument, that Agape's claims are barred by the General Aviation Revitalization Act of 1994 ("GARA"), 49 U.S.C. § 40101.[1]   In an Opinion and Order entered on June 28, 2011, the Court granted summary judgment in favor of P&WC and Sundstrand on the basis that the 18-year statute of repose under GARA operated to bar all claims asserted by Agape against P&WC and Sundstrand.   On October 26, 2012, the Court entered Judgment in favor of P&WC and Sundstrand in accordance with its June 28, 2011, Opinion and Order. On November 19, 2012, P&WC and Sundstrand filed their Motion for Attorney Fees (Dkt. No. 298).

In this diversity action, attorney fees are governed by Oklahoma law.  Oulds v. Principal Mut. Life Ins. Co., 6 F.3d 1431, 1445 (10th Cir. 1993)("[I]n diversity cases generally, and certainly in this circuit, attorney fees are determined by state law and are substantive for diversity purposes.")(alteration in original)(quoting King Resources Co. v. Phoenix Resources Co., 651 F.2d 1349, 1353 (10th Cir. 1981).   In their briefing, the parties recognize the application of Oklahoma law to the request for attorney fees.   In support of their application, P&WC and Sundstrand contend Oklahoma law provides for the recovery of attorney fees to prevailing parties in actions for breach of warranty (express and implied) and negligent injury to property. The provision for recovery of attorney fees in actions for breach of express warranty, provides:

---

[1]   In their respective summary judgment motions, P&WC and Sundstrand also argued that Agape's tort claims were barred by Oklahoma's economic loss doctrine and that Agape's breach of warranty claim was barred by Oklahoma law.  Because the motions for summary judgment were resolved on the GARA issues, the Court did not address these alternative arguments.

> In any action brought to recover damages for breach of an express warranty or to enforce the terms of an express warranty made under Section 2-313 of Title 12A of the Oklahoma Statutes, against the seller, retailer, manufacturer, manufacturer's representative or distributor, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, which shall be taxed and collected as costs.

Okla. Stat. tit. 12, § 939.  The statutory authority for recovery of attorney fees in actions for breach of implied warranty, provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to the set by the court, to be taxed and collected as costs.

Okla. Stat. tit. 12, § 936; see United General Ins. Co. v. Crane Carrier Co., 695 P.2d 1334, 1336-39 (Okla. 1984)(attorney fees are recoverable under the authority of Okla. Stat. tit. 12, § 936 on an implied warranty cause of action).  Finally, in actions for the negligent injury to property, Oklahoma law provides:

> In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

Okla. Stat. tit. 12, § 940.

Agape recognizes this Oklahoma statutory authority for the award of attorney fees to prevailing parties in breach of warranty

3

and negligent injury to property cases, but it contends that this action is primarily one involving a product liability claim and, more pointedly, one involving a defense, the GARA statute of repose, which was designed for application to product liability actions.  Agape contends that Oklahoma law does not provide for the recovery of attorney fees in product liability actions.  <u>United General Insurance Co.</u>, 695 P.2d at 1337 ("There are no Oklahoma statutes authorizing attorney fees to the prevailing party in a manufacturers' product liability action.").  As a result, Agape contends P&WC and Sundstrand are not entitled to be compensated for their work in connection with the GARA defense and, at most, are entitled to recover attorney fees in connection with those claims for which Oklahoma law authorizes recovery - breach of warranty and negligent injury to property.  In response, P&WC and Sundstrand contend that an apportionment of fees is not appropriate.  P&WC and Sundstrand argue for a full fee recovery for the work performed defending this action.[2]  It is their position that the GARA defense was common to all claims asserted by Agape.  Given this common defense and their status as prevailing parties to Agape's breach of warranty and negligent injury to property claims, P&WC and Sundstrand contend apportionment between the different theories of recovery is not appropriate and that they are entitled to be compensated for all GARA-related work.

The Court finds that P&WC and Sundstrand, as prevailing parties in this action, are entitled to an attorney fee recovery.  <u>See Travelers Indemnity Company v. Hans Lingl Anlagenbau Verfahrenstechnik GMBH & Co. KG</u>, 189 Fed.Appx. 782, 788 (10th Cir.

---

[2]  P&WC and Sundstrand have eliminated from their fee requests time spent in connection with their prosecution of third-party claims against Kansas Aviation of Independence, LLC ("Kansas Aviation") and Banyan Air Services, Inc. ("Banyan").

2006)(acknowledging prevailing party entitlement to attorney fees pursuant to Okla. Stat. tit 12, §§ 936, 939 and 940 on claims for breach of warranty and negligent or willful injury to property)and Underwriters at Loyd's of London v. North American Van Lines, 829 P.2d 978, 981 (Okla. 1992)("prevailing party" in an action brought pursuant to Okla. Stat. tit. 12, § 940 is "the party for whom judgment is rendered").  It is undisputed that Agape brought two claims against P&WC and Sundstrand which authorize an award of attorney fees to a prevailing party - claims for breach of warranty and negligent injury to property.  As the prevailing parties on those claims, P&WC and Sundstrand are clearly entitled to recover their fees for services rendered in connection with the defense of those claims.

The calculation of the proper attorney fee amount should not include a deduction for GARA-related work as the Court finds the assertion of the GARA statute of repose defense was applicable to all claims brought by Agape.  The successful prosecution by P&WC and Sundstrand of their GARA motions for summary judgment resulted in a finding by the Court that the 18-year statute of repose under GARA operated to bar all claims asserted by Agape.   An apportionment of fees between those claims authorizing a fee award and those claims which do not authorize an award is therefore not appropriate.  The claims herein - product liability, breach of warranty, and negligent injury to property - are  inextricably intertwined given the application of the common GARA defense asserted by P&WC and Sundstrand.   Travelers Indemnity, 189 Fed.Appx. at 788 (full attorney fee award appropriate where "the time defendants' attorneys devoted to the products-liability claims was necessarily incurred in defending the other claims [breach of warranty and negligent or willful injury to property], for which attorney fees are authorized.").  Consequently, the Court will not

adjust the fees as suggested by Agape to reflect claim apportionment.

The voluminous time records submitted by P&WC and Sundstrand include the affidavits of attorneys, Sidney G. Dunagan, Ralph V. Pagano, A. Thomas Elder, Jr., and Thomas R. Pantino.  Mr. Dunagan and his firm, GableGotwals of Tulsa, Oklahoma, were hired as local counsel for P&WC to work in conjunction with national counsel for aviation products, Fizpatrick, Hunt, Tucker, Collier, Pagano, Aubert, LLP of New York, N.Y. ("F&H"), the firm in charge of the defense of the lawsuit.  Mr. Elder and his firms, Phillips Murrah P.C. ("Phillips Murrah") and Smith, Rhodes, Stewart & Elder, PLLC, ("Smith & Rhodes"), were hired as local counsel for Sundstrand to work with F&H in defense of the suit.[3]  The net fees requested by counsel are set forth in their respective affidavits[4]:

Sidney G. Dunagan (GableGotwals - P&WC)  $81,027.75
Ralph V. Pagano (F&H - P&WC)              $151,917.83

---

[3]   The parties inform the Court that P&WC and Sundstrand are now subsidiaries of United Technologies Corporation ("United Technologies"), which is represented by F&H as national counsel. Except for a duplication of effort argument to be addressed below, Agape does not contest the use of separate local counsel for P&WC and Sundstrand and their association with separate lawyers from the F&H firm.  In this regard, the Court notes the potential conflict of interest between P&WC and Sundstrand given the shipment of the subject fuel pump by Sundstrand to P&WC and the possible indemnification claim arising from that transaction. The retention of separate counsel under these circumstances is appropriate.

[4]   Each affidavit sets forth the hourly rates and the total hours worked on the case by individuals with the respective firms.  Deductions of a specified amount are then made to account for the time spent on the third-party claims against Kansas Aviation and Banyan, with the result being the net fee requests by the respective firms.

A. Thomas Elder, Jr. (Phillips Murrah
 and Smith & Rhodes - Sundstrand)        $197,425.00
Thomas A. Pantino (F&H - Sundstrand)     $108,876.83

As these affidavits reflect, P&WC seeks a total fee recovery in the
amount of $232,945.58 and Sundstrand seeks a total fee recovery in
the amount of $306,301.83.


     Initially, the Court's review of these time records does not
warrant any reduction for what Agape labels as "block billing."
The billing practice termed "block billing" is a reference "to the
time-keeping method by which each lawyer and legal assistant enters
the total daily time spent working on a case, rather than itemizing
the time expended on specific tasks."  Harolds Stores, Inc. v.
Dillard Dept. Stores, Inc., 82 F.3d 1533, 1554 n. 15 (10th Cir.
1996).  Citing some examples from the time records submitted by Mr.
Dunagan on behalf of GableGotwals, Agape contends "block billing"
has been utilized and that it is "difficult to apportion fees
unless a single category of work was done on a particular day."
Agape Response Brief (Dkt. No. 308) at 8.  Agape's argument has no
merit, however, because as the Court noted above there is no basis
for an apportionment between the fee-authorizing claims (breach of
warranty and negligent injury to property) and the claim for which
a fee is not authorized (product liability).  Additionally, the
Court's review of the time records reveals sufficient detail and
breakdown of tasks to allow the Court to determine the propriety of
the  compensation  sought  for  those  tasks  contained  within  a
particular entry.   While  more  detail  is  always  desirable,  the
Court's assessment of the propriety of the tasks and compensation
sought has not been hindered by the time records submitted.


     Agape also voices an objection to the hourly rates charged by

New York counsel from the F&H firm as not in accord with the
prevailing rates in the Eastern District of Oklahoma.   Local
counsel, Mr. Dunagan and Mr. Elder, charged at a rate of $250 per
hour for work performed in this case.   Other partners and
associates with their firms charged at lower rates.   New York
counsel, Mr. Pagano, Mr. Jason L. Vincent, Ms. Roberta Miranda, Mr.
Pantino, and Mr. Alan Collier, charged at rates between $278 and
$310 per hour.   The Court finds these rates to be appropriate and
in accord with the prevailing rates in the Eastern District of
Oklahoma given the nature and complexity of the discovery and
motion practice involved in this litigation.   This litigation and
the GARA summary judgment motions presented unique and detailed
issues of fact and law that required sophisticated legal skill on
the part of all counsel.   The Court finds that the moderately
higher rates charged by New York counsel are appropriate in this
particular litigation in this district given the expertise of F&H
as national counsel for aviation products for P&WC and Sundstrand.

Agape objects to work performed by counsel for P&WC in
connection with a claims review procedure with United Technologies.
Agape contends this work is not an allowable category to be charged
against it.   The Court agrees.   No explanation is offered by P&WC
for the inclusion of time spent on what appears to be an internal
review procedure.   Absent some explanation, the Court cannot find
the tasks represented by these time entries[5] are litigation-related

---

[5]   The time entries found by the Court which are related to
United Technologies claims review are contained in the time
records attached to Mr. Pagano's affidavit, Exhibit 2 to the
Motion for Attorney Fees (Dkt. No. 298).   Those entries are on
February 2, 2010 (Roberta Miranda), February 3, 2010 (Roberta
Miranda), February 5, 2010 (Pagano and Roberta Miranda), February
9, 2010 (Pagano), February 22, 2011 (Roberta Miranda), and
February 28, 2011 (Pagano and Jason L. Vincent).

such that they are properly chargeable against Agape.  The total
fees from these entries amount to $2,655.80 and will be deducted
from Mr. Pagano's request for F&H fees on behalf of P&WC.  Although
Agape has not directed the Court's attention to any claims review
entries for Sundstrand, the Court's review uncovers one entry which
appears to fall into that category.  On February 23, 2011, the F&H
time records attached to Mr. Pantino's affidavit contain an entry
for claims review preparation by Alan Collier for .20 hours and
$62.00.   The Court will deduct this amount from Mr. Pantino's
request for F&H fees on behalf of Sundstrand.

Agape seeks a reduction in fees based on duplication of
efforts.   In  this  regard,  Agape  points  to  numerous  entries
demonstrating review by attorneys for P&WC of GARA-related work
performed  by  Sundstrand  and  vice  versa.   Agape  suggests  this
"review" time is not compensable given the common GARA defense
raised by P&WC and Sundstrand and their cooperative efforts in
formulating the defense in the first instance.  In essence, Agape
contends this "review" is unnecessary as it duplicates efforts
jointly undertaken by P&WC and Sundstrand.   The Court disagrees
with  Agape's  premise  that  "review"  time  of  a  co-defendant's
litigation filings is not compensable, but nonetheless finds a
reduction appropriate because the time records reveal that, in
numerous  instances,  the  "review"  was  undertaken  by  multiple
attorneys.   While the Court recognizes that review by counsel for
one party of another party's filings is a properly compensable task
associated with litigation, the Court finds that the division of
labor  in  situations  where  between  multiple  firms  represent  one
client should result in no more than one attorney billing for
"review"  time.   The  time  records  submitted,  however,  contain

numerous examples of "review" by both local and national counsel.[6]
An itemization of this duplication is not possible given the
voluminous time records and the absence of a breakdown in certain
entries where multiple tasks are listed.  Consequently, the Court
has examined the entirety of the time records submitted and, based
upon such examination, finds that a 15% reduction on all fees is
appropriate to account for the duplication of "review" efforts by
counsel.

Based on the foregoing reasons, the Motion for Attorney Fees
(Dkt. No. 298) is granted and the following attorney fees are
awarded:

P&WC

Sidney G. Dunagan (GableGotwals - P&WC)  $81,027.75
Ralph V. Pagano (F&H - P&WC)
     ($151,917.83 - $2,655.80)           $149,262.03


          Total before reduction         $230,289.78
               15% reduction              $35,543.47


          Total fee recovery             $194,746.31

---

[6]   One example of this duplication of efforts from P&WC's
billing records can be found in Dunagan's September 10, 2010,
entry for "review and analysis of Hamilton GARA briefing" and
F&H's September 16, 2010, entry for "read and consider Hamilton
Sundstrand's motion for summary judgment and supporting
exhibits."  An example from Sundstrand's billing records can be
found in Elder's September 9, 2010, entry for "receive and review
Motion for Summary Judgment of Pratt Whitney" and F&H's September
8, 2010, entry for "review P&WC's draft motion based on GARA."

Sundstrand

A. Thomas Elder, Jr. (Phillips Murrah
 and Smith & Rhodes - Sundstrand)        $197,425.00
Thomas A. Pantino (F&H - Sundstrand)
     ($108,876.83 - $62.00)              $108,814.83


          Total before reduction        $306,239.83
               15% reduction             $45,935.98


          Total fee recovery            $260,303.85


     It is so ordered this 19th day of February, 2013.


Frank H. Seay
United States District Judge
Eastern District of Oklahoma